UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| REV. JASON R. CRAIG, DD, )<br>    )<br>    Plaintiff  )<br>    )<br>  v.   )<br>    )<br>PORTER COUNTY JAIL, *et al.*  )<br>    )<br>    Defendant  ) | CAUSE NO.  3:04-CV-086 RM |

## OPINION AND ORDER

Defendant Ron P. Kurmis, by counsel, filed a motion for leave to file an amended summary judgment motion because his first, belated, summary judgment motion was denied as moot because it addressed a claim already dismissed. Defense counsel seeks to explain why he should once again be granted additional time to pursue summary judgment.

Counsel begins by explaining that he did not know that the January 3rd Bible removal claim had already been dismissed in this court's first screening order. *See* docket # 5.

> The counsel for the Defendants did not receive the order dismissing the claim related to the January 3 removal of the Bible because it was part of the Court's screening process pursuant to U.S.C. § 1915(a).

Motion at 1, docket # 43.[1]

> This court's ruling on summary judgement was the first time that the counsel was aware of the screening which had been

---
[1] The screening order was pursuant to 28 U.S.C. § 1915A.

>conducted prior to the filing of the Amended Complaint, and defense counsel's subsequent appearance.

Motion at 2, docket # 43. The submission doesn't indicate why counsel did not familiarize himself with the record when he appeared on June 7, 2004.

Next, counsel explains that he believed that the plaintiff had inadvertently pleaded the wrong date. The submission does not explain why counsel chose not to conduct any discovery on the plaintiff or to directly raise this issue with the court since the plaintiff had only been granted "leave to proceed against Ron P. Kurmis on his First Amendment claim for taking his bible on January 27, 2004 . . .." Second Screening Order at 3, docket # 7.

Counsel next explains that he believes that it would be less burdensome for the court to resolve this case on summary judgment than at trial. Counsel raises two claims on summary judgment. First he asserts that Mr. Craig did not exhaust his administrative remedies. "Failure to exhaust administrative remedies is an affirmative defense for the defendant to plead." Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003). "Defendants may waive or forfeit reliance on § 1997e(a), just as they may waive or forfeit the benefit of a statute of limitations." Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 534 (7th Cir. 1999). In this case, the defendant presented two affirmative defenses in answer to the complaint, but did not raise exhaustion until presenting this motion. *See* docket # 16. The deadline for amending pleading expired on July 15, 2004 and the defendant has forfeited this affirmative defense.

2

Second, counsel asserts that summary judgment should be granted because the defendant states under oath that he did not take Mr. Craig's personal bible from him at the Jasper County Jail on January 27, 2004.[2] Though this may ultimately be a meritorious defense at trial, the mere denial of the claim is not good cause for permitting the filing of a second belated summary judgment motion days before the final pre-trial conference. Though denying that he took the bible is a valid defense to raise in a summary judgment motion, it can only succeed if Mr. Craig does not respond under penalty for perjury. The plaintiff claims that the defendant took his bible, the defendant denies that he did. Such fact questions are the very reason for trials.

Finally, counsel asserts that the plaintiff has no witnesses because he did not file a witness list. A plaintiff who does not file a witness list is limited to his own testimony. Mr. Craig himself can be a witness and his testimony alone may be sufficient to prevail. Nevertheless, it cannot reasonably cause any prejudice or surprise to a defendant that the plaintiff could testify at trial.

For the foregoing reasons, the motion (docket # 43) is **DENIED**.

SO ORDERED.

---

[2] In the defendant's summary judgment motion he states, "Plainitiff maintains that on January 27, 2004, Ron Kurmis, Assistant Jail Warden of the Porter County Jail, 'was behind' the removal of his personal Bible from his possession while at the Jasper County Jail. See Complaint at p.3-4, Exh. A." Docket # 43, Summary Judmgent at 1. A review of the complaint shows no reference to Jasper County nor to the removed bible being Mr. Craig's personal bible. Exhibit A is a Porter County Jail grievance form wherein Mr. Craig complained about being denied access to the mail. It appears that Mr. Craig's claim is that he was at the Porter County Jail and that the bible that was taken on January 27, 2004 was the replacement bible he had previously recieved.

ENTERED: May  9 , 2005

        /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court